Mr. Alan C. Kohn, Chairman Missouri Housing Development Commission 20 West 9th Street, Suite 934 Kansas City, Missouri 64105
Dear Mr. Kohn:
This letter is in response to your question asking:
 "Can a public housing authority (PHA) organized pursuant to the Housing Authorities Law of Missouri (Sections 99.010 through 99.230
RSMo 1969) enter into a Management Contract with the owners of a private apartment project developed pursuant to Section 8 of the Housing Community Development Act of 1974 (P.L. 93-383 and 42 U.S.C. § 3531 et seq.) and financed by the Missouri Housing Development Commission in accordance with the State Housing Law (Chapter 215 RSMo as amended 1974), pursuant to which Management Contract the PHA will manage the project and administer tenant screening, selection and income re-certification for a fee which covers direct costs incurred plus allowances for administrative expenses and overhead in performing these services, not to exceed a maximum fee approved by the Department of Housing and Urban Development and Missouri Housing Development Commission and not allowing for a profit to the PHA?"
You have furnished us with other information and argument in support of the contention that a Public Housing Authority organized under such sections should be allowed to enter into such a management contract.
As you have noted, we concluded in our Opinion No. 176, dated May 10, 1974, to Drake, that it was our view that a Housing Authority of a city may not enter into a contract with the owners of an apartment complex located in the same city by the terms of which the Housing Authority is to manage and operate for a fee the apartment complex for the owners pursuant to standards established by the owners.
Presumably that opinion would differ possibly in only three respects from the question that you ask. That is, the present question does not concern the payment of a fee but merely the reimbursement of costs of the Housing Authority. The type of unit to be managed in the present circumstance is a private apartment project developed pursuant to, as you indicate, Section 8 of the Housing and Community Development Act of 1974 (P.L. 93-383 and 42 U.S.C. § 3531 et seq.). Also, a possible difference between that opinion and the instant question is the amount of control that the Housing Authority would have with respect to the operation and management of the complex.
In our view the conclusion we reached in our Opinion 176-1974, would still be applicable in the premises. The Housing Authority would not have any authority to operate such a complex on a cost reimbursement basis even though the Authority retains more control.
Some contention has been made that the emphasis on the powers of the Housing Authority under Section 99.080 should be placed upon the power of the Authority to lease and operate housing projects and to rent any dwellings and to make and execute necessary contracts.
If there is any ambiguity in the powers of the Housing Authority under Section 99.080 it seems to be sufficiently clarified by Section 99.090 which provides that it is declared to be the policy of this state that each Housing Authority "shall manage and operate its housing projects in an efficient manner." However, even in the absence of such an expression which emphasizes that the powers of the Housing Authority refers to "its" housing projects it would be our view that the powers given the Housing Authority under Section 99.080 with respect to leases and operations are limited to the Housing Authority's own leases and operations except as may be otherwise expressly provided. We find no express provision authorizing the Housing Authority to operate a private complex such as you indicate. In this respect the law has not been amended to allow for such a change since the issuance of our opinion in 1974.
We noted in our opinion of 1974, that the powers of the Housing Authority are limited as are the powers of all municipal corporations to such powers as are necessarily or fairly implied or incident to the powers expressly granted and to those essential to the declared objectives and purposes of the corporation.
The limitation upon the powers of the Housing Authority is further indicated by reference to subsection 1. (2) of Section99.080, rSMo, which limits its powers to lease and operate housing projects to the area of operation of the Housing Authority.
Subsection 2 additionally limits the Housing Authority's powers in that it expressly provides that no provision of law with respect to the acquisition, operation or disposition of property by other public bodies shall be applicable to the Authority unless the legislature shall specifically so state.
In the premises we conclude therefore that the view we stated in our opinion of 1974 is applicable and the Housing Authority does not have the power to enter into such an agreement.
Very truly yours,
 JOHN C. DANFORTH Attorney General